UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

_____
                                       )
DIANE WESCOMB and                      )
NELSON WESCOMB,                        )
                                       )
              Plaintiffs               )
                                       )
       v.                              )        Civil Action No.:
                                       )
FEDERAL EXPRESS CORPORATION            )
                                       )
                                       )
              Defendant                )
_____)

## COMPLAINT

## I. PRELIMINARY STATEMENT

1.      This action is brought by the Plaintiffs to recover for personal injuries and

damages sustained by Plaintiff Diane Wescomb and loss of consortium suffered by her

husband, Plaintiff Nelson Wescomb, as the result of a motor vehicle collision that

occurred on or about Wednesday, May 9, 2012, on Fisherville Road, in Concord, New

Hampshire.  At that time and place, Plaintiff Diane Wescomb was stopped in her vehicle

and waiting for a pedestrian to cross in a crosswalk when her vehicle was rearended by a

Mercedes cargo van owned by Defendant Federal Express Corporation (hereinafter

"FEDEX") and operated by Michael J. Moore in the course of his employment and

within the scope of his authority as a servant, agent and/or employee of Defendant

FEDEX.

Plaintiffs invoke the doctrine of *Respondeat Superior* and they assert claims of negligent hiring, training, supervision, and entrustment against Defendant FEDEX.

2.     The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff Diane Wescomb's medical bills exceed twenty four thousand dollars ($24,000.00), her lost wages exceed $500.00; and she has sustained permanent impairment to her cervical and lumbar spines. Plaintiff Diane Wescomb is fifty four (54) years old. She works at a convenience store; and her job involves heavy lifting and constant standing. Due to her collision related injuries and functional limitations, Plaintiff Diane Wescomb has sustained a loss of earning capacity.

## II.  JURISDICTION AND VENUE

3**.**     Jurisdiction is based on diversity of citizenship under 28 U.S.C. 1332 (a) (1); and venue is properly laid in the District of New Hampshire pursuant to 28 U.S.C. 1391 (a).

## III. PARTIES AND JURISDICTION

4.     Plaintiff Diane Wescomb is an individual residing at 11 Skyline Drive, Concord, Merrimack County, New Hampshire.

5.     Plaintiff Nelson Wescomb is an individual residing at 11 Skyline Drive, Concord, Merrimack County, New Hampshire.

6.     Defendant Federal Express Corporation is a Delaware Corporation, licensed to do business in the State of New Hampshire and having a principal office address of 3610 Hacks Cross Road, Memphis, Tennessee.

## III. FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

7.     On or about Wednesday, May 9, 2012, at or about 2:50 in the afternoon, while operating her 2007 Toyota vehicle in a southerly direction on Fisherville Road, a two-

way public way, in Concord, New Hampshire, Plaintiff Diane Wescomb was stopped and waiting for a pedestrian to cross in a crosswalk at or near 125 Fisherville Road.

8.       A**T THE SAME TIME AND PLACE**, Michael Moore was operating a FEDEX 2011 Mercedes cargo van in the same direction and directly behind Plaintiff's vehicle.

9.       At all times relevant herein, Michael Moore was acting in the course of his employment and within the scope of his authority as a servant, agent and/or employee of Defendant FEDEX.

10.      **IT WAS THEN AND THERE** the duty of Michael Moore, while acting in the course of his employment and within the scope of his authority as a servant, agent and/or employee of Defendant FEDEX, to stay alert; to drive with caution; to keep his vehicle under control at all times; to keep a proper lookout; to pay attention to traffic and traffic conditions; not to become distracted while driving; to keep a safe distance between his vehicle and the vehicle in front of him (i.e. not to follow too closely behind Plaintiff's vehicle in violation of NH RSA 265:25); to yield the right of way to the vehicle in front of him (pursuant to NH RSA 259:91); to slow down or stop if need be to yield to a pedestrian crossing the roadway within a crosswalk (pursuant to NH RSA 265:35); to drive his vehicle at a speed which is not greater than is reasonable and prudent under the prevailing conditions (pursuant to NH RSA 265:60); not to drive negligently or in a manner that is likely to endanger any person or property (in violation of NH RSA 265:79-b); to operate his vehicle with due regard for the safety of others using a public way, including Plaintiff Diane Wescomb herein; and to otherwise obey the rules of the road and the laws of the State of New Hampshire, including without limitation NH RSA 265:25, 265:35, 265:60, 265:79-b and 259:91.

11.    **YET, NEVERTHELESS,** wholly unmindful of his duties, as aforesaid and otherwise, Michael Moore failed in the performance thereof.

12.    **WHEREBY,** due to his negligence and negligence *per se*, as aforesaid and otherwise, Michael Moore, while acting in the course of his employment and within the scope of his authority as a servant, agent and/or employee of Defendant FEDEX, did cause the FEDEX cargo van to crash into the rear of Plaintiff Diane Wescomb's vehicle.

13.    As a result of the collision, Plaintiff Diane Wescomb was caused painful, serious and permanent injuries to her neck, back, shoulders, hips, and other portions of her body.

14.    As a result of the collision, Plaintiff Diane Wescomb was caused and will be caused in the future to undergo hospital, medical and other healthcare treatment for her injuries and incur hospital, medical and other healthcare expenses.

15.    As a result of the collision, Plaintiff Diane Wescomb sustained permanent impairment and was caused and will be caused in the future to make accommodations for loss of functional abilities.

16.    As a result of the collision, Plaintiff Diane Wescomb was caused and will be caused in the future to sustain lost wages and diminished earning capacity.

17.    As a result of the collision, Plaintiff Diane Wescomb was caused and will be caused in the future pain and suffering and loss of enjoyment of life.

18.    As a result of the collision and the injuries that Plaintiff Diane Wescomb sustained in the collision, her husband, Plaintiff Nelson Wescomb, suffered a loss of consortium.

## IV.  CAUSES OF ACTION

### A.  COUNT I -*Respondeat Superior*

19.    Plaintiffs repeat and reassert the allegations contained in the foregoing paragraphs of this Complaint and incorporate them by reference as if fully and completely set forth herein.

20.    At all times relevant herein, Michael Moore was a servant, agent and/or employee of Defendant FEDEX.

21.    At all times relevant herein, Michael Moore was acting in the course of his employment and within the scope of his authority as a servant, agent and/or employee of Defendant FEDEX.

22.    Defendant FEDEX, through its servant, agent and/or employee, Michael Moore, while Michael Moore was acting in the course of his employment and within the scope of his authority, was operating the said 2011 cargo van as set forth hereinabove.

23.    **THAT IT WAS THEN AND THERE** the duty of Defendant FEDEX, pursuant to the doctrine of *respondeat superior* and otherwise, by and through its servants, agents and/or employees, not to drive negligently, as set forth hereinabove and otherwise.

24.     **YET, NEVERTHELESS**, wholly unmindful of its duties as aforesaid and otherwise, Defendant FEDEX, by and through its agent, servant, and/or employee, Michael Moore, failed in the performance thereof, as set forth hereinabove and otherwise.

25.    **WHEREBY**, Defendant FEDEX did cause the said 2011Mercedes cargo van to crash into the vehicle operated by Plaintiff Diane Wescomb.

26.    **WHEREFORE**, as a direct, proximate, and foreseeable result of the negligence and negligence per se, as aforesaid and otherwise, of Defendant FEDEX, under the

doctrine of *Respondeat Superior* and otherwise, Plaintiffs Diane Wescomb and Nelson Wescomb sustained injuries and damages as set forth hereinabove.

27.     **ALL TO THE DAMAGE OF THE PLAINTIFFS**, as they say, in an amount in excess of seventy five thousand ($75,000.00) dollars, plus interest and costs.

   B. <u>COUNT II - Negligent Hiring, Training, Supervision, and Entrustment</u>

28.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this Complaint and incorporate them by reference as if fully and completely set forth herein.

29.     At all times relevant herein, Defendant FEDEX was the registered owner of the 2011 cargo van that was operated by Michael Moore in the course of his employment and within the scope of his authority as a servant, agent and/or employee of Defendant FEDEX.

30.     Defendant FEDEX, as owner of the said cargo van which was operated by its agent, servant and/or employee, Michael Moore, within the scope of his employment and authority, knew or should have known that Michael Moore did not have the education, experience or training to operate it and/or was unfit to operate the FEDEX cargo van in a proper and reasonable manner.

31.     **THAT IT WAS THEN AND THERE** the duty of Defendant FEDEX  to properly check the driving record and credentials of its agent, servant and/or employee, Michael Moore, to properly train and supervise him, and not to entrust its 2011 cargo van to a person who was known or should have been known to FEDEX to not have the education, experience or training to operate said vehicle and/or be unfit to operate said vehicle in a reasonable and proper manner.

32. **YET, NEVERTHELESS**, Defendant FEDEX, wholly unmindful of its duties, as aforesaid and otherwise, failed in the performance thereof.

33. **WHEREFORE**, as a direct, proximate and foreseeable result of the negligence of Defendant FEDEX, as aforesaid and otherwise, Plaintiffs Diane Wescomb and Nelson Wescomb sustained injuries and damages as set forth hereinabove.

34. **ALL TO THE DAMAGE OF THE PLAINTIFFS**, as they say, in an amount in excess of seventy five thousand ($75,000.00) dollars, plus interest and costs.

### C.  COUNT III -(for Loss of Consortium)

35. Plaintiff Nelson Wescomb repeats and re-alleges each and every allegation contained in Counts I and II herein as if fully set forth; and further states that, at all times relevant herein, he was lawfully married to Plaintiff Diane Wescomb, and that as a direct and proximate result of the negligence and negligence *per se* of the Defendant, FEDEX, as aforesaid and otherwise, he suffered a loss of consortium.

36. By reason of the aforesaid, Plaintiff Nelson Wescomb is entitled to an award of damages from the Defendant, FEDEX.

37. **WHEREFORE,** Plaintiffs Diane Wescomb and Nelson Wescomb demand judgment against the Defendant, Federal Express Corporation in an amount in excess of seventy five thousand ($75,000.00) dollars, plus interest and costs.

38. **THE PLAINTIFFS DEMAND A JURY TRIAL AS TO ALL COUNTS.**

Dated: May 6, 2015.

Respectfully submitted,
/s/Stephen E. Borofsky (NHB #41)

_____

Stephen E. Borofsky, Esquire
**FOR THE PLAINTIFFS**
**Diane Wescomb and Nelson Wescomb**
By **their** Attorneys,
BOROFSKY, AMODEO-VICKERY

& BANDAZIAN, P.A.
708 Pine Street
Manchester, NH
Phone:  (603) 625-6441
Email:  sborofsky@e-atty.net
**NH BAR NO.  41**

F:\Clients\Wescomb, Diane\PIV .1\Plead\05-6-15 Federal Complaint.doc